IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

_____
                                       )
LINDA ARMSTRONG, in her individual     )
capacity; LINDA ARMSTRONG,             )
derivatively on behalf of THIRD        )
DIMENSION INC.,                        )
                                       )
               Plaintiffs,             )
                                       )
     v.                                ) Civ. No. 20-00275-ACK-RT
                                       )
BRIDGET COGHILL, et al.,               )
                                       )
               Defendants.             )
_____)

## ORDER GRANTING DEFENDANT COGHILL'S MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION

This case involves allegations that Defendant Bridget Coghill breached certain fiduciary duties and other obligations in handling the finances and corporate governance of the company Third Dimension Inc.  Plaintiff Linda Armstrong asserts federal jurisdiction based on diversity under 28 U.S.C. § 1332.  On September 9, 2020, Coghill filed a motion to dismiss for lack of diversity jurisdiction, ECF No. 12 (the "Motion"), asserting that all parties are domiciled in Hawaii.  The Court finds that the parties are not diverse and accordingly GRANTS Coghill's Motion.

## BACKGROUND

Armstrong and Coghill are business partners who, together, formed the company Third Dimension Inc. and serve as its only officers and directors.  ECF No. 1 ("Complaint"), ¶¶ 10, 18.  After escalating conflicts, each filed a lawsuit against the other.  Coghill filed in state court on April 30, 2020, Mot. at 8-9, and Armstrong subsequently filed the instant action in federal court on June 17, 2020, see Compl.

Armstrong filed the instant Complaint individually and derivatively on behalf of the company Third Dimension Inc., alleging that Coghill breached certain fiduciary duties and other obligations in handling the finances and corporate governance of the company.  See Compl.  To establish jurisdiction based on complete diversity of citizenship, the Complaint asserts that both Plaintiff Linda Armstrong and Third Dimension Inc. are residents of the state of Hawaii, Compl. ¶¶ 1, 3, and that Coghill is either a resident of California or Nevada, Compl. ¶ 5; see also Compl. ¶ 8.

On September 9, 2020, Coghill filed a motion to dismiss for lack of diversity jurisdiction.  ECF No. 12. Coghill asserts that she was domiciled in Hawaii at the time Armstrong filed the Complaint, that she has been domiciled in Hawaii for the past twenty-five years, and that she intends to remain domiciled in Hawaii for the rest of her life.  Mot. at 2,

- 2 -

5-7.  Coghill therefore argues that Armstrong's invocation of diversity is a sham and accordingly requests that the Court dismiss Armstrong's Complaint with prejudice.  Mot. at 2.

Armstrong filed her opposition on October 14, ECF No. 24, and Coghill filed her reply on October 21, ECF No. 25. A telephonic hearing was held on November 4.

## STANDARD

Coghill moves for dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(h)(3).

### I.   Rule 12(b)(1)

A defendant may challenge a court's subject matter jurisdiction under Rule 12(b)(1).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

A challenge to a court's subject matter jurisdiction may be "facial" or "factual."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).  In deciding a facial Rule 12(b)(1) motion, the court must assume the allegations in the complaint are true

and draw all reasonable inferences in the plaintiff's favor. Wolfe, 392 F.3d at 362.  The plaintiff is not required to provide evidence outside the pleadings.  Id.

By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. (quoting Safe Air, 373 F.3d at 1039).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air, 373 F.3d at 1039 (citing Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).  Once a defendant presents factual evidence undermining the assertion of jurisdiction, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.  The court need not presume the truth of the allegations in the complaint.  Id.; see also Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Coghill brings both facial and factual challenges to the Complaint.  Coghill argues that (1) the Complaint facially lacks any allegations of her domicile, and (2) in fact she has been domiciled in Hawaii for decades.

"In general, dismissal for lack of subject matter jurisdiction is without prejudice," <u>Missouri ex rel. Koster v. Harris</u>, 847 F.3d 646, 656 (9th Cir. 2017) (citations omitted), "so that a plaintiff may reassert his claims in a competent court," <u>Freeman v. Oakland Unified Sch. Dist.</u>, 179 F.3d 846, 847 (9th Cir. 1999) (internal quotation marks and citation omitted); <u>see also</u> <u>Minichino v. Davis</u>, No. CV 12-00680 JMS-BMK, 2013 WL 12213846, at *2 (D. Haw. Jan. 16, 2013) (finding that "this court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship is lacking" and proceeding to dismiss the action "without prejudice to Plaintiffs refiling the action, if appropriate, in state court").  In the event that the Court grants the Motion, the dismissal will accordingly be made without prejudice to Armstrong filing her claims in a court of competent jurisdiction.

## II.  **Rule 12(h)(3)**

Rule 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  "The difference between a Rule 12(h)(3) motion and a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party." <u>Hamidi v. Serv. Employees</u>

Int'l Union Local 1000, 386 F. Supp. 3d 1289, 1294 (E.D. Cal. 2019) (internal quotation marks and citations omitted); see also Augustine v. United States, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) (finding the issue of subject matter jurisdiction properly before the court as a Rule 12(h)(3) motion, despite the government's framing of the motion as a 12(b)(1) motion, because the motion was made after the government's responsive pleading).

## DISCUSSION

Armstrong's Complaint asserts subject matter jurisdiction based on diversity—as it must, since the Complaint contains only state-law claims. See Compl. Armstrong acknowledges that Plaintiffs are both Hawaii state residents but asserts that Defendant Coghill is a resident "of the State of California and/or the State of Nevada." Compl. ¶¶ 1-5. Coghill, however, contends that she—like Plaintiffs—is domiciled in Hawaii. See Mot. Thus, Coghill argues, Armstrong has failed to establish complete diversity of citizenship and there is no basis for jurisdiction.

## I. Requirements for Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), a party may invoke federal jurisdiction in a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. "The party seeking to invoke the district

court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990)); cf. id. at 614 ("However, at the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006))).

Coghill's domicile determines her state of citizenship. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citing Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986)). To determine a person's domicile, the Court may consider numerous factors, none of them controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750; see also Kyung Park v. Holder, 572 F.3d 619, 625 (9th Cir. 2009) and Choudhury v. Needham, No. CIV. 12-00008 ACK, 2012 WL 2526926, at

*3 (D. Haw. June 28, 2012) (quoting same).  "[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship" must be based on "the state of facts that existed at the time of filing" the complaint.  Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004).

"[A] person's old domicile is not lost until a new one is acquired."  Lew, 797 F.2d at 750 (citations omitted).  "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely."  Id.

## II.  Facial Challenge

Coghill argues that the Complaint facially fails to allege diversity jurisdiction because it merely alleges "a lack of knowledge of COGHILL's residence, and fatally does not contain any allegations of COGHILL's domicile as required by 28 U.S.C. §1332."  Reply at 1.

Coghill is correct:  "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  Kanter, 265 F.3d at 857.  And Coghill's state of citizenship is "determined by her state of domicile, not her state of residence."  Id.  Because the Complaint did not make "any allegation" as to Coghill's state citizenship and "the party asserting diversity jurisdiction bears the burden of

proof," Armstrong's "failure to specify" Coghill's state citizenship is "fatal" to jurisdiction.  Id. at 857-58.

The Court notes that this pleading defect would be easy to cure by amendment.  But before resolving whether leave to amend should be granted, the Court addresses the factual attack on diversity jurisdiction.

### III. Factual Challenge

Coghill and Armstrong each submit evidence relating to Coghill's domicile, which determines her state citizenship.  The Court evaluates the evidence of domicile "in terms of objective facts," and "statements of intent are entitled to little weight when in conflict with facts."[1/]  Lew, 797 F.2d at 750 (internal quotation marks and citations omitted); see also Kyung Park, 572 F.3d at 625 (quoting same).  Armstrong bears the burden of proof because she is the one invoking the Court's jurisdiction, and the Court looks to Coghill's domicile as of June 17, 2020—the date the Complaint was filed.

Armstrong does not meet her burden.  Rather, the facts here show that as of June 17, 2020, Coghill was domiciled in Hawaii.  The Court considers each of the relevant factors below.

---

[1/] The Court's analysis accordingly focuses on the objective facts and does not afford weight to Coghill's declaration that she intends to "remain a resident, citizen and domiciliary of the State of Hawaii for the rest of [her] life."  Coghill Decl. ¶ 17.

**A.   Current Residence**

The most heavily contested fact before the Court is Coghill's current place of residence.  Both parties acknowledge that Coghill has had some presence in California and Nevada for the last several years.  According to Coghill, this is because her boyfriend lives on the mainland and she frequently visits him.  Reply at 6.  Armstrong, on the other hand, asserts that Coghill moved to the mainland to live with her boyfriend in or around 2015.  Opp. at 5-6.  Simply put, Coghill and Armstrong disagree on whether—despite spending time on the mainland— Coghill has retained her domicile in Hawaii.  Compare Reply at 6-7, with Opp. at 5-6.

As stated above, "a person's old domicile is not lost until a new one is acquired."  Lew, 797 F.2d at 750 (citations omitted); see also Adams v. W. Marine Prod., Inc., 958 F.3d 1216, 1221 (9th Cir. 2020) ("the presumption of continuing domicile . . . provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change" (internal quotation marks and citation omitted)).  In this regard, it is notable that Armstrong herself is unable to identify Coghill's new domicile.  Instead, she argues there are "indications" that Coghill is either a citizen "of California or Nevada."  Opp. at 2.  Yet she admits that there are "just as many" indications that Coghill "is a citizen of Hawai'i."  Id.

If Coghill has not established a new domicile, her old Hawaii domicile controls.

In April 2020—approximately seven weeks before the instant action was filed—Coghill represented to the Hawaii state court that she is a resident of Hawaii.  Mot., Ex. 14, ¶ 1.  Yet in a 2019 California state court proceeding, Coghill represented that she was a citizen of the state of Nevada.  Opp. at 12 & Ex. H at 2.  Coghill now asserts that the latter "allegation was in error" and unessential in any event because—unlike federal courts—state courts are of general jurisdiction; Coghill was thus not required to show any particular place of residence. Reply at 15.  Still, Coghill's assertion in state court is of some concern to this Court.  It suggests that Coghill may be using her frequent transit between states to claim residence in whatever state happens to suit her convenience at the time.

That said, the evidence overall supports a finding that Coghill resides in Hawaii and frequently travels to other locations, including California and Nevada.  As detailed further below, the only real property that Coghill owns is in Hawaii. Mot. at 5 & Ex. 1.  And she has up-to-date utilities in her own name for that home.  Mot. at 7 & Exs. 7, 9-11.  Coghill's belongings—absent a couple suitcases of clothing—are also

located in the Hawaii home.[2/]  Mot. at 6; Ex. 6; Coghill Decl.,
ECF No. 12-2 ("Coghill Decl.") at ¶ 18.  Her doctors are in
Hawaii, and she votes and serves jury duty in Hawaii.  Mot. at 7
& Coghill Decl., ¶¶ 28-34.  Although some of these are separate
factors discussed in greater detail below, they support a
finding that Coghill's primary residence is indeed Hawaii.

　　　　Armstrong seeks to undermine this evidence by
submitting the declarations from six "witnesses" who attest they
have not seen Coghill in Hawaii for years and believe that she
has moved.  The Court notes that Coghill's frequent absence from
Hawaii is consistent with her own descriptions of her extensive
travel.  Supp. Coghill Decl., ECF No. 25-1 ("Supp. Coghill
Decl."), ¶¶ 10-17.  Further, even though Armstrong's selected
witnesses have not seen Coghill in Hawaii for years, Coghill has
been present in the state for at least some of that time.[3/]  Of

---

[2/] Although not raised by Armstrong, Coghill acknowledges that,
"[b]ecause my car is two-wheel drive, and my boyfriend's Jeep® is four-wheel
drive, his Jeep® is in Hawaii at my home where four-wheel is better suited
for me and my car is on the mainland."  Supp. Coghill Decl., ECF No. 25-1,
¶ 9.  Because Coghill retains a vehicle for use in Hawaii, this information
is neutral.

[3/] Like much of Armstrong's other evidence, the declarations are
inconsistent as to the purported timeline.  Each of Armstrong's declarations
identifies a different time when Coghill may have moved, ranging from 2014 to
2018.  In addition, although Armstrong represents his belief that Coghill
was living in Nevada in June 2020, Armstrong sought to have Coghill served with
the Complaint three different times at a California address.  Opp. at 4.
Each attempt apparently failed because nobody was present at that California
address, and service was finally made through Coghill's attorney in Hawaii.
Opp. at 4-5.  Armstrong argues that a LexisNexis search shows Coghill
has resided in Nevada since May 2017, but the search only covered the time period
until April 2020—prior to the filing of the Complaint (and the same search
shows Coghill residing in Hawaii until May 2019).  Opp. at 3 & Ex. A.  Based
(Continued . . .)

particular relevance is the Hawaii state travel declaration form, which characterizes her as a returning resident and was signed on May 23, 2020, less than four weeks before Armstrong filed the instant Complaint.  Coghill Decl. ¶ 14 & Ex. 5.

The Court finds that Coghill's current state of residence is Hawaii.  In any event, the remaining factors support Coghill's domicile in Hawaii, and the Ninth Circuit has made clear that no one factor is controlling.

**B.    Voting Registration and Voting Practices**

Turning to the next factor, Coghill votes in Hawaii. This is clear from the photo of her Hawaii state election ballot sent to her Hawaii P.O. box.  See Coghill Decl. ¶ 29 & Ex. 13. Coghill also serves jury duty in Hawaii, as shown by her September 2020 jury duty questionnaire submitted to State of Hawaii Judiciary.  See Coghill Decl. ¶ 28 & Ex. 12.  Armstrong does not contest this evidence, instead arguing that voter registration is not competent evidence of Coghill's residency. Opp. at 11.

The Court finds this factor weighs in favor of Coghill's domicile in Hawaii.

---

on the same LexisNexis search, Armstrong claims that Coghill ceased using her Hawaii P.O. box in January 2019.  Opp. at 3.  But that claim is directly contradicted by Coghill's submission of bills and statements for August and September 2020 sent to the same P.O. box.  Mot., Exs. 7-11.  And, again, Coghill acknowledges that she travels frequently to California, Nevada, and other locations—with her most frequent trips being to California—while retaining her home base in Hawaii.  Supp. Coghill Decl. ¶¶ 8-17.

### C.   Location of Personal and Real Property

Next, Coghill submits proof the she has owned a home in Hawaii since 2003.  Mot., Ex. 1.  Coghill declares that she built that home, has resided in it since 1998, and does not own property in any other place besides Hawaii.  Coghill Decl. ¶¶ 3-4, 8, 15-16.  As noted above, most of Coghill's belongings are located in the Hawaii home.  Mot. at 6 & Ex. 6; Coghill Decl. at ¶ 18.  And her August 2020 utility bills for accounts in effect on the date the Complaint was filed and sent to her Hawaii P.O. box further bolster her assertion that she resides in the Hawaii home.  Coghill Decl. ¶¶ 25-27 & Mot., Exs. 9-11.  Again, Armstrong generally does not contest this evidence, instead arguing that "many Mainland and foreign residents" also own real property in Hawaii.  Opp. at 11.

The Court finds this factor weighs in favor of Coghill's domicile in Hawaii.

### D.   Location of Brokerage and Bank Accounts

For the next factor, Coghill submits an August 2020 mortgage statement for her Hawaii home, which is sent to her Hawaii P.O. box, as well as a current bank statement from First Hawaiian Bank showing transactions from the weeks surrounding the filing of the Complaint.  Coghill Decl. ¶¶ 20, 24 & Exs. 7-8.  Armstrong again does not refute this evidence except to argue that Coghill ceased using her P.O. box in January 2019—a

statement directly contradicted by the submission of current
bills sent to that P.O. box.  Opp. at 3 & Sybert Decl., ECF
No. 24-1, ¶ 4.

Accordingly, the Court finds this factor weighs in
favor of Coghill's domicile in Hawaii.

### E.   Location of Spouse and Family

Coghill raised her two children in Hawaii, both of
whom are now grown; her adult son lives with her at her home in
Hawaii; and her son works with his father (Coghill's ex-husband)
who also lives in Hawaii.  Coghill Decl. ¶ 21-22, 30-33.  While
of little relevance to the analysis, Coghill's adult daughter is
in the process of moving to California, but apparently lived in
Florida at the time the Complaint was filed.  Mot. at 6 &
Coghill Decl. ¶ 17.  Although Armstrong emphasizes that
Coghill's boyfriend resides in California or Nevada, the Court
notes that this factor is limited to consideration of spouse and
family.

The Court finds this factor weighs slightly in favor
of Coghill's domicile in Hawaii.  Because Coghill's children are
both adults and because Coghill is divorced from her spouse, the
Court affords limited weight to this factor.

**F.   Membership in Unions and Other Organizations**

Neither Coghill nor Armstrong submit evidence of Coghill's membership in unions or other organizations. Accordingly, the Court does not weigh this factor.

**G.   Place of Employment or Business**

Coghill works as President of Third Dimension Inc. and submits a lease showing that the business operates out of Hawaii.  Coghill Decl. ¶¶ 10-12 & Ex. 4.  Armstrong does not contest this—nor could she as the Complaint itself explains that "Coghill owns a fifty (50) percent interest in Third Dimension," Compl. ¶ 6, and confirms Coghill's role "[a]s President and Treasurer," Compl. ¶ 14.  Indeed, the entire Complaint is based on allegations involving Coghill's employment with the Hawaii company Third Dimension Inc.[4]

Armstrong introduces evidence that Coghill is also employed with a California art gallery, and possibly with one or two art-related businesses in Nevada.  Opp. at 12 & Exs. F, G, H.  One of Coghill's purported breaches alleged in the Complaint is her opening of the art gallery in California.  Compl. ¶ 17. Coghill contests the authenticity of the exhibits and apparently

---

[4] To contest Coghill's place of residence, Armstrong submits declarations from employees who have had electronic contact with Coghill in the scope of her management role with Third Dimension, Inc.  Although the declarations largely describe electronic contact with Coghill as she is frequently in California, they nevertheless confirm that Coghill remains employed and in a managerial role with Third Dimension Inc.

contests her specific role with the California and Nevada companies, Reply at 14-15, but she does not deny that she works for these additional companies.

Understanding that Coghill works for companies in Hawaii, California, and Nevada, this factor is, at a minimum, neutral.  The Court notes, however, that this litigation is specifically based on Coghill's role with and obligations to her Hawaii employment.  If the factor is not neutral, then, it weighs slightly in favor of finding domicile in Hawaii.

**H.   Driver's License and Automobile Registration**

Coghill submits a current Hawaii state drivers license listing her residence in Hawaii.  Coghill Decl. ¶ 9 & Ex. 3. Armstrong does not contest this evidence, instead arguing that a current driver's license is not competent evidence of Coghill's domicile.  Opp. at 3 ("A dated driver's license simply indicates that [at] one point in time in the past Defendant obtained a driver's license here and chose to keep it.").

The Court finds this factor weighs in favor Coghill's domicile in Hawaii.

**I.   Payment of Taxes**

Coghill submits her Hawaii state tax returns from the past three years and declares that she has filed state income tax returns in Hawaii, and not in any other state, since 1993. Coghill Decl. ¶¶ 5-7 & Ex. 2.  Armstrong does not contest this

evidence either, instead arguing that the payment of taxes in Hawaii is not competent evidence of Coghill's domicile.  Opp. at 3.  She argues that "[s]tate income tax returns are based on income earned in this State, not residency, and self-serving assertions of residency—for whatever tax-related purposes sufficient to the filer—are not dispositive.".  Id.  That may be so, but whether or not they are "dispositive," tax returns are certainly one of the Ninth Circuit's factors for determining an individual's domicile.

Accordingly, the Court finds this factor weighs in favor of Coghill's domicile in Hawaii.

***

Having considered all the factors, the Court finds that each one is either neutral or else weighs in favor of Coghill's domicile in Hawaii.  The presumption of continuing domicile likewise favors a finding that Coghill is domiciled in Hawaii.  Accordingly, based on the evidence submitted and the arguments of the parties, the Court concludes that Coghill's domicile is Hawaii.  Because all parties are domiciled in Hawaii, there is no diversity of citizenship and the Court lacks subject matter jurisdiction over this action.

## IV.  Jurisdictional Discovery

Armstrong requests that the Court afford her an opportunity to conduct certain jurisdictional discovery to

better determine Coghill's domicile.  Armstrong argues that
facts obtained in discovery will likely support a finding that
Coghill is domiciled in Nevada or California.  Opp. at 14.

A district court may, in its discretion, "allow
discovery to aid in determining whether it has in personam or
subject matter jurisdiction." Wells Fargo & Co. v. Wells Fargo
Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (citations
omitted).  Jurisdictional discovery is "appropriately granted
where pertinent facts bearing on the question of jurisdiction
are controverted or where a more satisfactory showing of the
facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020
(9th Cir. 2008) (internal quotation marks and citation omitted).
On the other hand, such discovery is properly denied where it is
"based on little more than a hunch that [discovery] might yield
jurisdictionally relevant facts."[5/]  Id.

This case falls into the latter category.  Although
Armstrong's Opposition requests an opportunity to conduct

---

[5/] "An appellate court will not interfere with the trial court's refusal
to grant discovery except upon the clearest showing that the dismissal
resulted in actual and substantial prejudice to the litigant." Wells Fargo &
Co., 556 F.2d at 430 n.24.  A district court's "refusal is not an abuse of
discretion when it is clear that further discovery would not demonstrate
facts sufficient to constitute a basis for jurisdiction." Id.; see also
Kocher v. Hilton Worldwide Holdings, Inc., No. 3:18-CV-00449-SB, 2018 WL
6735086, at *3 n.3 (D. Or. Nov. 9, 2018), report and recommendation
adopted, No. 3:18-CV-00449-SB, 2019 WL 309752 (D. Or. Jan. 21, 2019) (denying
jurisdictional discovery because "[t]he existing record provides sufficient
evidence to determine Benson's domicile, and therefore jurisdictional
discovery is unnecessary").

jurisdictional discovery, her memorandum notably fails to identify what specific discovery she hopes to conduct or what new information it would elicit (although at the hearing her attorney mentioned credit card records, telephone records, and Coghill's deposition).  The only factor Armstrong appears to further contest is Coghill's current place of residence.[6]  As the Court noted earlier, Armstrong herself is unable to identify Coghill's new domicile; she admits that there are "just as many" indications that Coghill "is a citizen of Hawai'i."  Opp. at 2. Since Coghill has not established a new domicile, her old Hawaii domicile controls.  <u>Lew</u>, 797 F.2d at 750; <u>see also</u> <u>Adams</u>, 958 F.3d at 1221.  The Court's analysis acknowledges that Coghill spends a considerable amount of her time outside of Hawaii, but even if Armstrong could prove that Coghill currently resides in another state, the remaining factors would nevertheless support a finding of Coghill's domicile in Hawaii.  <u>See</u> <u>Kanter</u>, 265 F.3d at 857 (emphasizing that a person's state of citizenship for purposes of diversity is "determined by her state of domicile, not her state of residence").  The discovery Armstrong seeks

---

[6] Armstrong also contests Coghill's place of employment, arguing that she is employed in California and Nevada in addition to Hawaii.  Even if Armstrong were to introduce stronger evidence of Coghill's employment in California and Nevada, however, the fact remains that the Complaint acknowledges and is based on Coghill's employment in Hawaii.  Thus, this factor would remain, at best, neutral.

would, at best, underscore some conflict over Coghill's current residence, which would not alter the outcome of the decision.

Because the Court finds the existing record contains sufficient evidence to determine Coghill's domicile, jurisdictional discovery is denied.


## CONCLUSION

For the foregoing reasons, the Court GRANTS Coghill's Motion to Dismiss, ECF No. 12, and DISMISSES the Complaint WITHOUT PREJUDICE to Armstrong filing her claims in a court of competent jurisdiction.


IT IS SO ORDERED.

DATED:   Honolulu, Hawai`i, November 6, 2020.



_____
Alan C. Kay
Sr. United States District Judge


Armstrong et al. v. Coghill, Civ. No. 20-00275 ACK-RT, Order Granting Defendant Coghill's Motion to Dismiss.